## SHANK v. TEEPLE.

1. Pleading : CONSTRUCTION OF. Under our statute (Rev., § 2951), the allegations of a pleading are to be liberally construed, for the purpose of determining its effect and with a view to substantial justice.

2. Statute of limitations : FRAUD. In actions for relief on the ground of fraud, the statute of limitations will not begin to run until the discovery of the fraud. Rev., § 2741.

3. Contract : RESPECTING REAL ESTATE : EVIDENCE. The objection that an agreement between the plaintiff and defendant in a foreclosure proceeding, that the defendant should have the right to redeem the premises, was in parol and not evidenced by writing, cannot be made after such agreement has been in fact executed.

*Appeal from Jackson District Court.*

WEDNESDAY, FEBRUARY 21.

ACTION in equity to set aside a conveyance of the north-east quarter of the south-east quarter of section twenty-five, in township eighty-four, north of range one, east, and for other equitable relief. The defendants demurred to the petition, which demurrer was sustained. The plaintiff appeals. The petition is a very long one, but the substantial facts are set out in the following opinion.

*C. M. Dunbar* for the appellant.

*Cotton & Cross* for the appellees.

COLE, J. — The plaintiff avers that in June, 1856, the defendant Teeple being indebted to him $1,200, made a trust deed, with warranty, upon the land in controversy, to secure said debt; that afterward, an extension of time for payment was given, and another deed of trust was executed; that in February, 1859, default in payment having been made, the trustee made sale of the land in

controversy, pursuant to the trust deed, and plaintiff purchased the same at $600, and took a conveyance thereof; that the defendant Teeple represented his title to be perfect at the time said trust deeds were executed, and the plaintiff relied thereon, but in fact there was a prior mortgage thereon in favor of one Santford; that said mortgage was foreclosed in 1860; and in 1861, for the purpose of defrauding the plaintiff, the said Teeple procured a sale to be made, under the decree of foreclosure, to the attorney for plaintiff therein, with the agreement that he, Teeple, should have the right to redeem said land after said sale; that Teeple did redeem in April, 1861, paying the money himself, but had the title made to the defendant Ward, who held the same in trust and for the benefit of Teeple; that Teeple has been in actual possession, and receiving the rents and profits ever since; that Ward has conveyed the land to Teeple, who, for the purpose of injuring plaintiff, withholds his conveyance from record.

And the plaintiff further avers that he is and for more than ten years past has been a resident and citizen of the State of Pennsylvania; that he had an agent resident in Jackson county who discovered, in 1868, the fraudulent acts of the defendant, and then instituted suit to quiet plaintiff's title, etc., but plaintiff having changed his residence and post-office address, failed to receive the letters of his agent and the attorney respecting said suit and their knowledge as aforesaid; that while said suit was pending, and plaintiff was ignorant thereof, and in March, 1869, the defendant, Ward, called on the plaintiff at his residence in Pennsylvania, and by false and fraudulent representations, procured from plaintiff his quit-claim deed for said land for the sum of $300; that said defendants filed said deed in said suit, and thereupon the attorney for plaintiff dismissed the same, and wrote to plaintiff, whose residence they learned from said deed, of all the facts; that plaintiff had no knowledge of said fraud until he received said

Shank v. Teeple.

letter in March, 1869; that he thereupon tendered to said defendants the $300, and demanded a re-conveyance of said land, which was refused. To this petition the defendants demurred, because: 1. It did not state sufficient facts; 2. It shows the action barred by limitation; and 3. The agreement to redeem from the mortgage sale should be evidenced by writing, to take the same out of the statute of frauds. This demurrer was sustained, and hereon arises the only question for our determination.

We have not the slightest hesitation in holding that this demurrer. should have been overruled. Upon the first 1. PLEADING: ground, that the petition does not state facts construction of. sufficient to constitute a cause of action, it seems to us there can be no question but that it does. The fraudulent conduct of the defendant Teeple is distinctly averred as inhering in every step of the transaction. The objection that it is not averred that the mortgage to Santford was duly recorded, is sufficiently met by the fact that it is averred that it was "a prior mortgage;" this liberally construed (Rev., § 2951), and in the light of the connecting averments would be held, in the definition of Webster, to be "former, previous, better, superior." Nor is the objection that it does not appear that plaintiff cannot otherwise collect his debt entitled to consideration; for, he is entitled to the land itself, which he has purchased, and the price of which has been applied in the payment of his debt. The allegations of the acts and declarations constituting the fraud in procuring the quit-claim deed are so full and complete as to leave no doubt of their sufficiency. We need not repeat them here.

Upon the second ground, that the petition shows that the alleged cause of action is barred by the statute of 2. STATUTE OF limitation, it will be observed, first, that one LIMITATION: fraud. special ground for relief is the alleged fraud in procuring the quit-claim conveyance; and one main object of the action is to set aside that conveyance, which

was not made till March, 1869, while this action was commenced in December, 1869. Surely this is not barred by the statute. And secondly, it is distinctly averred by the plaintiff that he did not discover or have any knowledge of the fraud until in March, 1869. Our statute provides that actions for relief on the ground of fraud will not be deemed to have accrued until the discovery of the fraud by the party aggrieved. Rev., § 2741.

As to the third and last ground of demurrer, that the alleged agreement between Teeple and the purchaser at the mortgage foreclosure sale, that said Teeple should have the right to redeem after the sale, not being averred to be in writing, was within the statute of frauds, etc. It is only necessary to say, that it is also averred that that parol agreement had been executed, and, therefore, was no longer in parol, and besides, the action is not grounded upon that agreement, nor is it brought to enforce it. The further objection that the deed made, pursuant to said agreement, is as an absolute sale, and does not purport to be made as on redemption, is disposed of by the suggestion that under the allegations of fraud in this case, it will be competent . for the plaintiff to prove by parol the real facts of the transaction.

*3. CONTRACT: respecting real estate: evidence.*

Reversed.